IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRAIG HOLMES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action File No.: |
| v. | : | |
| | : | |
| CITY OF SOUTH FULTON, SOUTH | : | |
| FULTON POLICE | : | **JURY TRIAL REQUESTED** |
| DEPARTMENT, KEITH MEADOWS, | : | |
| in his individual and official capacity; | : | |
| JOHN DOE OFFICERS 1-10, in their | : | |
| individual capacities, | : | |
| Defendant | : | |

## AMENDED COMPLAINT

COMES NOW, Plaintiff Craig Holmes ("Plaintiff" or "Clemmons"), by and

through her undersigned counsel, hereby files this Complaint against Defendants

City of South Fulton, South Fulton Police Department, Keith Meadows and John

Doe Officers 1-10 (hereinafter "Defendants,"), showing the Court as follows:

## JURISDICTION AND VENUE

1.     This court has jurisdiction over this action pursuant to 28 U.S.C. §1331

(federal question) and 28 U.S.C. §1343 (civil rights). This court also has

supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that

will be set forth in this complaint. Venue is proper in the Northern District of

Georgia, Atlanta Division, as this is the district where the events underlying the claims stated herein occurred.

## PARTIES

2.      Plaintiff, Craig Holmes (hereinafter "Plaintiff") is a resident of Fulton County, Georgia.

3.      Defendant City of South Fulton is a governmental entity doing business in Fulton County.  The City is responsible for the City of South Fulton Police Department and can be served with summons upon City of South Fulton, 5440 Fulton Industrial Blvd, Atlanta, Georgia 30336.

4.      Defendant South Fulton Police Department is a governmental entity doing business in Fulton County.  The South Fulton Police Department and can be served with summons upon City of South Fulton, 5440 Fulton Industrial Blvd, Atlanta, Georgia 30336.

5.      Defendant Keith Meadows is the Chief of Police for the City of South Fulton Police Department and is responsible for supervising and overseeing, the personnel, policies, and operations of South Fulton Police Department, as well as creating and implementing the department's policies. Defendant Meadows may be served at the South Fulton Police Department, 5440 Fulton Industrial Blvd, Atlanta, Georgia 30336 or wherever he may be found.

6.      Defendants John Doe Officers were, at all times material to this suit, officers employed by the South Fulton Police Department. Each of the acts complained of herein arises from the conduct of the John Doe Officers while acting under color of state law, and was committed within the scope of their employment and authority with the South Fulton Police Department. John Doe Officers may be served with summons at their place of employment, the 5440 Fulton Industrial Blvd, Atlanta, Georgia 30336 or wherever they may be found.

## **FACTUAL ALLEGATIONS**

7.      On or around September 16, 2020, Mr. Holmes was sitting on the porch of his residence located a t 6748 Delaware Bend, Fairburn, Georgia 30213.

8.      An officer from the South Fulton Police Department (hereinafter "SFPD") arrived at Mr. Holmes residence in response to a 911 call.

9.      Mr. Holmes and this SFPD officer engaged in an oral exchange wherein Mr. Holmes asked the officer to get off his property.

10.     In response to Mr. Holmes requesting the officer to get off his property, the officer decided that he would take Mr. Holmes into custody.

11.     Mr. Holmes retreated into his house and locked the door.

12.     The SFPD officer circled the curtilage of Mr. Holmes residence.

13.     While the officer was circling perimeter of the property he held what appeared to be a gas canister in his hand.

14. Mr. Holmes was understandably concerned the officer was going to burn down his house.

15. The SFPD officer subsequently broke into Mr. Holmes residence, tasered him, and took him into custody. From there, Mr. Holmes was transported to Grady Hospital.

16. At all times material hereto, Defendants has a duty toward Mr. Holmes to operate and conduct themselves in a reasonably prudent manner, and not to attack him or cause him to be attacked without privilege or provocation.

17. At all times material hereto, the City of South Fulton police officers involved in the tasing and subsequent arrest of Mr. Holmes were agents and employees of the City of South Fulton and acted within such agency and employment under the color of state law.

18. The City of South Fulton police actions amounted to excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal attack on any person in the position of the responding officers.

19. Said excessive force committed against Mr. Holmes by the responding officers was not performed in good faith to maintain or restore discipline, but

performed maliciously, intentionally, and for the very purpose of punishing and causing harm to Mr. Holmes.

20.    At all pertinent times, Defendant, City of South Fulton, by and through the City of South Fulton Police Department, authorized and ratified the wrongful and tortious acts and/or omissions of its officers.

## COUNT I – 42 U.S.C. § 1983

21.    The allegations contained in paragraphs 1 through 20 are herein incorporated by reference, as if set forth in full.

22.    42. US.C. § 1983 provides in relevant part that –

"Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

23.    The Defendants, acting under color of law and in concert with one another, unlawfully arrested, assaulted, used force against, seized and detained Mr. Holmes without probable cause, or reasonable suspicion that any violation or crime had been committed. Those actions violate Mr. Holmes' rights to due process, equal protection and are therefore violative of the Fourth Amendment.

24.    Mr. Holmes posed no immediate threat against the Defendant Officer(s) that was not provoked by the illegal and unlawful acts by the Defendant Officer(s). Defendant Officer(s) actions in undertaking the unnecessary raid was objectively unreasonable.

25.    The wrongful acts described herein of the Defendant caused physical and mental injury to Mr. Holmes.

26.    As a direct and proximate result of the Defendant Officer(s) intentional and unlawful actions, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and danger to his reputation.

## COUNT II – PUNITIVE DAMAGES

27.    Plaintiff incorporates by reference the allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28.    Defendants actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression, and complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

## COUNT III – ATTORNEY FEES

29.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.   Plaintiff is entitled to an award of attorney's fees and expenses of litigation on each and every cause of action alleged herein, as provided by statute and because Defendants has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

1) Damages based on Defendants' conduct as alleged herein in an amount to be determined at trial;

2) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts in an amount to be determined at trial;

3) Reasonable attorney's fees and expenses of litigation;

4) Trial by jury as to all issues; and

5) All other relief to which Plaintiff may be entitled.


Submitted this 16th day of September, 2022.

s/A. Zakiya Watson-Caffe
A. Zakiya Watson-Caffe
Georgia Bar No. 441773
Watson Law LLC
800 Kennesaw Avenue-Ste. 220
Marietta, Georgia 30060
Telephone: (404) 600-1771
Email:  zak@zwatsonlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that Plaintiff's Complaint complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia. Counsel hereby states that Plaintiff's Complaint for Damages has been types in Times New Roman 14 font.

Respectfully submitted this 16th day of September, 2022.

s/ A. Zakiya Watson-Caffe
A. Zakiya Watson-Caffe
Georgia Bar No. 441773